[Crim. No. 618.    Third Appellate District.—April 20, 1922.]

THE PEOPLE, Respondent, v. LEE MON, etc., Appellant.

[1] CRIMINAL LAW — UNAUTHORIZED TAKING OF OPIUM INTO COUNTY JAIL—ARRAIGNMENT—PLEA—SENTENCE—REGULARITY OF PROCEEDINGS—VALIDITY OF STATUTE.—In this prosecution for a violation of section 171a of the Penal Code, in which the defendant was duly arraigned and pleaded guilty and was thereupon sentenced to the penitentiary in accordance with the requirement of the statute, and in which there was no appearance by defendant in the appellate court, the record showed nothing irregular in the proceedings and no reason occurred to the appellate court why the statute should be held invalid, as contended by defendant at the time of pronouncement of judgment, or why the judgment should not stand.

APPEAL from a judgment of the Superior Court of San Joaquin County. George F. Buck, Judge. Affirmed.

The facts are stated in the opinion of the court.

No appearance for Appellant.

U. S. Webb, Attorney-General, and J. Charles Jones, Deputy Attorney-General, for Respondent.

BURNETT, J.—The charging part of the information against defendant is as follows:

"The said Lee Mon (sometimes called Ah Fong) did on or about the 29th day of December, A. D. nineteen hundred

and twenty-one, prior to the filing of this Information, at and in the county and state aforesaid, willfully, unlawfully and feloniously bring, take and convey into the county jail of the county of San Joaquin, state of California, a quantity of opium, and at the time of so bringing, taking and conveying said opium into said county jail as aforesaid, the said Lee Mon (sometimes called Ah Fong) was not then and there authorized by law so to do."

[1] The defendant was duly arraigned and pleaded guilty. He was thereupon sentenced to the penitentiary in accordance with the requirement of the statute.

We find nothing erroneous or irregular in the proceedings. The information was based upon the provisions of section 171a of the Penal Code and is in proper form. The only reason urged in the court below why judgment should not be pronounced against the defendant was that "the statute is invalid." But there seems to have been no argument upon the question and there has been no appearance in this court on behalf of appellant.

No reason occurs to us why such statute should not be upheld or why the judgment should not stand.

The judgment is affirmed.

Finch, P. J., and Hart, J., concurred.